# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Citigroup Center
601 Lexington Avenue
New York, New York 10022-4611

Jon T. Hohenthaner
To Call Writer Directly:
(212) 446-4832
Jon.Hohenthaner@Kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

December 8, 2009

The Honorable Arthur D. Spatt
United States District Judge
P.O. Box 9014
Central Islip, New York 11722-9014

Re:   *Paone v. Microsoft Corporation*, Civil Action No. 2:07-CV-02973-ADS-ARL

Dear Judge Spatt:

By Order dated April 5, 2009, the Court stayed this action pending final disposition of the then-pending *ex parte* reexamination proceeding for U.S. Patent No. 6,259,789 ("the '789 patent"), and requested that Plaintiff notify the Court of the completion of the reexamination proceeding in chief. (Docket No. 59.)

On December 8, 2009, the Patent Office concluded the reexamination by issuing an *Ex Parte* Reexamination Certificate. (Ex. A.) *In re Bass*, 314 F.3d 575, 577 (Fed. Cir. 2002) ("A reexamination is complete upon the statutorily mandated issuance of a reexamination certificate."). As part of the reexamination, the Patent Office considered Microsoft's invalidity arguments and all prior art cited in this case, and reviewed both parties' claim construction briefs and expert reports concerning validity of the patent. Following this in-depth review, the Patent Office confirmed the patentability of asserted claims 2, 24, 33, and 34, without amendment. (Ex. A.) Plaintiff intends, therefore, to proceed with its case against Microsoft for infringement of these four claims, and respectfully requests that the Court lift the stay at this time.

## Microsoft's Two Additional Requests For Reexamination

After the Court stayed this case on April 5, 2009, Microsoft filed two additional requests for reexamination on June 29, 2009, and July 27, 2009, respectively, in an effort to substantially extend the length of the Court's stay so that it can continue its illegal misappropriation of Plaintiff's patented technology. The Patent Office recently granted the second and third requests to reexamine the patent in part, but has not otherwise started these reexamination proceedings.

*Second Reexamination.* The second reexamination involves only claims 17 and 26. (Ex. B at ¶ 16.) Accordingly, because it does not involve any of the remaining asserted claims 2, 24, 33, or 34, it will have no impact on this case.

*Third Reexamination.* The Patent Office rejected the majority of Microsoft's third request as an improper reassertion of its previous arguments (Ex. C at ¶¶ 14-21), and thus limited

Chicago      Hong Kong      London      Los Angeles      Munich      Palo Alto      San Francisco      Washington, D.C.

the third reexamination to a single issue involving only claims 33 and 34. (Ex. C at ¶¶ 17, 22.) Microsoft petitioned the Patent Office to reconsider, but there is no indication that it will do so.

### A. The Stay Should Not Be Extended.

Neither of the two new reexamination proceedings—requested by Microsoft over a year after its first request—warrants extending the stay of this case. In determining whether to stay litigation pending reexamination, "courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999). These factors do not support continuing the stay here.

*Continuing the stay will unduly prejudice Plaintiff.* The case has already been delayed more than eight months as a result of Microsoft's first reexamination request. And because Microsoft filed its second and third requests long after this case began, Patent Office statistics (Ex. D) suggest that these reexaminations could last another two years, thereby substantially prejudicing Plaintiff. *Robbins v. H.H. Brown Shoe Co.*, 2009 WL 2170174, at *1 (S.D.N.Y. June 30, 2009) ("A stay will cause substantial prejudice to [Plaintiff]. The reexamination could take years."); *Delta Frangible Ammunition, LLC v. Sinterfire, Inc.*, 2008 WL 4540394, at *2 (W.D. Pa. Oct. 7, 2008) ("Plaintiff undoubtedly would suffer prejudice given the lengthy delay...."). Plaintiff should not be forced to bear this additional prejudicial delay simply because Microsoft strategically delayed raising all its arguments in its first request. *Cynosure, Inc. v. Cooltouch Inc.*, 2009 WL 2462565, at *3 (D. Mass. Aug. 10, 2009) ("Particularly troubling is the fact that defendant waited so long to seek reexamination and a stay notwithstanding the duration of its awareness of the prior art references on which the reexamination is based. Such delay suggests that it is using the reexamination process as a 'mere dilatory tactic.'") (citations omitted); *Remington Arms Co., Inc. v. Modern Muzzleloading, Inc.*, 1998 WL 1037920, at *3 (M.D.N.C. Dec. 17, 1998) ("The most compelling reason for denying the stay [] is Defendant's unjustified delay in requesting a second reexamination with the PTO."); *Ohio Willow Wood Co. v. Alps South Corp.*, 2009 WL 361091, at *2 (S.D. Ohio Feb. 6, 2009) ("Abuse of the reexamination process [] cannot be rewarded by an indefinite stay of litigation to the prejudice of the patent holder."). Indeed, because the Patent Office already confirmed the asserted claims in the first reexamination, the justification for stay is substantially diminished. *Rosenthal Mfg. Co., Inc. v. Thermal Equip., Inc.*, 1989 WL 59160, at *1 (D. Kan. May 23, 1989) ("[W]hile the first stay of these proceedings was justified because of the reexamination in the PTO, the court is not inclined to stay the proceedings each time defendant seeks another reexamination of the patent.").

*Continuing the stay will not simplify the issues.* The second reexamination involves claims no longer at issue, and thus has no bearing on this case. The third reexamination involves only two of the four asserted claims, and thus—irrespective of its outcome—does not justify continuing the stay to simplify the issues. *Esco Corp. v. Berkeley Forge & Tool, Inc.*, 2009 WL 3078463, at *3 (N.D. Cal. Sept. 28, 2009) ("To truly simplify the issues ... the outcome of the reexamination must finally resolve all issues in the litigation.") (citations omitted). Moreover, each of the asserted claims was already considered at length in the first reexamination over all

Hon. Arthur D. Spatt
December 8, 2009
Page 3

the prior art relied upon by Microsoft in this case, so the likelihood that the Patent Office will reverse course in the third reexamination is minimal at best. *Agar Corp. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126, 1127 (S.D. Tex. 1997) ("[A] court will be inclined to proceed to trial when it already has the benefit of a technical evaluation from the Patent Office arising out of a prior reexamination."). Continuing the stay will thus not serve to simplify the issues in this case.

***This case is nearly complete.*** Discovery has been complete for nearly a year, claim construction is briefed, and the parties already initiated summary judgment motions. Microsoft filed its second and third requests well after all these events, which strongly supports lifting the stay. *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2007 WL 1655625, at *3-4 (N.D. Cal. June 7, 2007) ("[T]he clear rule developed in cases considering stays [is] that, where, as here, discovery has commenced, claim construction has been briefed, and dispositive motions have been filed and disposed of, courts should not grant stays for reexamination before the PTO.... Parties should not be permitted to abuse the reexamination process by applying for reexamination after protracted, expensive discovery or trial preparation.").

**B.    If The Stay Is Extended, Microsoft Should Be Required To Stipulate That It Will Not Contest Validity Or File Additional Reexamination Requests.**

Microsoft already received the benefit of full consideration of its first reexamination request, and thus continuation of the stay is not warranted, as discussed above. Nonetheless, if the Court is inclined to continue the stay based upon Microsoft's belated second and third requests, Plaintiff respectfully requests that the Court adopt the approach followed by some other courts and condition the stay upon Microsoft stipulating that it will not challenge validity. *See Premier Int'l Assocs. LLC v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717, 725 (E.D. Tex. 2008); *Roblor Mktg. Group, Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1345 (S.D. Fla. 2008); *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755-56 (E.D. Tex. 2006). Additionally, because of Microsoft's demonstrated strategy of filing serial reexamination requests, any stay should also be conditioned upon a Microsoft stipulation that it will file no further requests. *See* Ex. E, *QPSX Developments 5 Pty Ltd. v. Ciena Corp.*, D.I. 186, No. 2:07-CV-118-CE (E.D. Tex. Aug. 27, 2009); Ex. F, *Visto Corp. v. Research in Motion, Ltd.*, D.I. 313, No. 2:06-CV-181 (E.D. Tex. July 2, 2008). While not eliminating the prejudice to Plaintiff, such stipulations would more equitably divide the resulting prejudice between the parties.

\*   \*   \*

Accordingly, Plaintiff respectfully requests that the Court lift the stay or, in the alternative, condition any extension of the stay upon the above-referenced stipulations.

Very truly yours,

Jon T. Hohenthaner (JH4073)

cc:  Attorneys for Defendant Microsoft Corporation